# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

DARRELL PARKS, pro se
VICTORVILLE - UNITED STATES PENITENTIARY
POST OFFICE BOX 5300
ADELANTO, CALIFORNIA 92301
Petitioner,

Eastern District of Kentucky
**FILED**
OCT 12 2010
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

Civil Action No.:
6:10-CV-278-GFVT

Versus

MR. BEANS, CORRECTIONAL OFFICER, et al.,

MS. DAVIS, CORRECTIONAL OFFICER,

Y. BARNETT, CLINICAL NURSE,

JOHN DOE (UNKNOWN) SPECIAL INVESTIGATION SERVICE,

MS. GREGORY, HEALTH SERVICE ADMINISTRATOR,

ERIC D. WILSON, WARDEN
UNITED STATES PENITENTIARY - MCCREARY
330 FEDERAL WAY
PINE KNOT, KENTUCKY 42635
Defendants.

## BIVENS ACTION

**Preliminary Statement**
Comes now Petitioner Darrell Parks, #09540-007 pro se, see Haines vs. Kerner, 404 U.S.

519 (1972), meekly and respectfully request that this most honorable United States District Court For The Eastern District Of Kentucky, to intervene using its judicial authority and query the issues herein presented of Constitutional Violations of EXCESSIVE/UNNECESSARY/MISUSE OF FORCE (CRUEL & UNUSUAL PUNISHMENT) as well as DENIAL OF MEDICAL CARE (DELIBERATE INDIFFERENCE) in accords with his Fifth (5th) and Eighth (8th) Amendment Rights to the United States Constitution Guarantees. In addition, he seeks DECLARATORY and INJUNCTIVE Relief; a JURY TRIAL demand accompanied with COMPENSATORY, PUNITIVE coupled with MENTAL & EMOTIONAL Damages, and any other relief that this most honorable Court deems just and fair.

### Jurisdiction

1. This court has jurisdiction over Petitioner's claims of Federal Constitutional Rights under 42 U.S.C. §1331(a) and §1343, as well as, 42 U.S.C. §1983/BIVENS Action.

### Venue

2. Petitioner's claim venue is sought under 28 U.S.C. §1391, due to him being, and was confined at all times relevant to this case, under the care, custody and control of Officials of the United States Penitentiary-McCreary, in Pine Knot, Kentucky.

### Declaratory Relief

3. In addition, Petitioner seeks declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

### Injunctive Relief

4. Petitioner claims for injunctive relief are authorized by 28 U.S.C. §2283 and §2208; also see Rule 65 of Federal Rules of Civil Procedures.

### Exhaustion Of Administrative Remedy

5. Petitioner avers that the United States Federal Bureau of Prisons ("BOP") has an ADMINISTRATIVE REMEDY (See 28 Code of Federal Regulations §542.10 and/or §40 "STANDARD" FOR INMATE GRIEVANCE REMEDY PROCESS" and/or PROGRAM STATEMENT 1330.16 "ADMINISTRATIVE REMEDY PROGRAM") **PROCESS** incorporated by the BOP, in which he tried to utilize, however, Petitioner affirm that it was to no avail and now he seeks proper adjudication in this Court.

### Others

6. Petitioner respectfully request in accordance with his SEVENTH (7th) Amendment Right to

-2-

the United States Constitution, in conjunction with Rule 58, of federal Rules of Civil Procedure, for a JURY TRIAL.

7. Petitioner also respectfully request for "APPOINTMENT of COUNSEL" (an Attorney) to ascertain tangible documents, conduct depositions- investigate, legally frame and represent the issues herein presented of CONSTITUTIONAL VIOLATIONS because he is not an attorney, nor can he afford to hire one as he submits this BIVENS' ACTION pro se.

## PARTIES

8. The Petitioner, Darrell Parks, was incarcerated thereat McCreary-United States Penitentiary ("McCreary-USP") during the events described in this complaint.

9. Defendants REANS & DAVIS, are correctional officers employed at McCreary-USP. They are being sued in their OFFICIAL CAPACITY.

10. Defendant V. Barnett, is a clinical nurse at McCreary-USP. She is being sued in her OFFICIAL CAPACITY.

11. Defendant MS. GREGORY, is the medical administrator at McCreary-USP and is generally responsible for ensuring the provisions of medical care to prisoners and specifically for the scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation. She is being sued in her OFFICIAL CAPACITY.

12. Defendant JOHN DOE, is a special investigative service staff employeed at McCreary-USP whom name is presently unknown to petitioner. S/he is being sued in their OFFICIAL CAPACITY.

13. Defendant Eric D. Wilson, is the warden at McCreary-USP and is responsible for viewing, assessing and carrying out proper procedures of investigating staff to inmate use of force complaint. Additionally, he is responsible - generally for ensuring the provisions of medical care to prisoners and specifically for the scheduling of medical appointments outside of his prison when a prisoner needs specialized treatment or evaluation. He is being sued in his OFFICIAL CAPACITY.

## FACTS

14. On October 22, 2009, at approximately 7:30 am petitioner was escorted from the Disciplinary Hearing Officer's hearing by Mr. M. Raitt (DHO) and once on A-2 Range of the Special Housing Units ("SHU") he requested to defendant Mr. Reans, to assist with placing petitioner in his assigned cell (#219). Officer Reans,

-3-

agreed taking possession of petitioner then Mr. M. Pratt left petitioner in the custody, care and protection of Reans to place petitioner in the assigned cell.

15. Once inside the cell petitioner's celly (Mr. Linell Freeman #07752-000) uncuffed and petitioner refused to relinquish his cuffs because of his desire to speak with Correctional Counselor-M. Lawson, regarding legal materials that were suppose to be copied, as well as, legal mail which needed mailing.

16. Defendant Reans' response was, "That's between you and him." Petitioner then walked away from the cell door refusing to give-up his handcuffs.

17. Defendant Reans, then told prisoner-Mr. Linell Freeman to "cuff-up" so that he (Reans) can take petitioner down to see Mr. Lawson, to address his concerns, nevertheless, before Mr. Freeman cuffed-back-up he stated to Reans, "I'm not into playing any games. I am not going to be sitting in this cell with handcuff on all day."

18. Defendant Reans' response was that he's "Not playing any games." Then Mr. Freeman, had cuffed-up.

## EXCESSIVE/UNNECESSARY/MISUSE OF FORCE

19. Defendant Reans, instructed defendant Ms. Davis to open the cell door. Petitioner attempted to back out of the cell as Reans grabbed petitioner's cuffs holding him inside the cell right at the cell door, preventing petitioner from exiting the cell.

20. Baffled and vexed because petitioner cooperated, he did not resist in any way as Reans further instructed Davis to partially close the cell door holding petitioner at the door and she complied. This act shows deliberate intentions done with malicious and sadistic or wanton intentions to inflict pain and/or cause serious injuries to petitioner.

21. Reans placed his free hand/arm through the tray/food slot grabbing the cuffs on petitioner's wrists, then release the cuffs with his other hand and instructed Ms. Davis to completely close the cell door to which she again complied with partaking in the brutally malicious and sadistic or wanton excessive/unnecessary and/or misuse of force.

22. Reans, then yanked forcefully petitioner's cuffed hands and arms to the door as the cuffs dug into his wrists hyper-extending both of petitioner's shoulders and re-injuring his left shoulder possibly tearing ligaments in his left shoulder as well as possible nerve damage to his wrists.

23. The excessive/unnecessary and/or misuse of force lasted about one (1) to two (2)

-4-

and a half (½) minutes while petitioner yelled and pleaded to his Beans that the torture and/or punishment to which petitioner had succumb to stopped. To the petitioner, it seemed like an eternity of being subjected to excessive/unnecessary and/or misuse of force.

24. Nonetheless, petitioner fell on his knees, torso then face hitting the floor with loathe in his eyes and heart for vengeance and retribution! His wrists throbbed, shoulders suffer overwhelming pain, cuffs were squeezed tightly and all sense of peace broken.

25. On information & belief, two (2) other prisoners witnessed the entire excessive/unnecessary and/or misuse of force, whom names will not be released at this time due to fear of them receiving or being subjected to retaliation.

26. Ms. Davis, during these events remained outside of the cell, manding the control panel of A-2 Range of the Special Housing Units and did not intervene.

27. Petitioner and other prisoners kicked and banged on the cells' door, pushing the emergency/panic button vociferating for Lieutenant-Baker, and once he arrived petitioner explained what had happen. Lt.-Baker, ordered petitioner's cell door be opened and he called Beans to assist him with escorting petitioner (at this time Lt.-Baker did not know that Beans was the correctional officer whom excessive/unnecessary and/or misuse of force because petitioner did not know his name) and petitioner stated to Lt.-Baker, "I'm not going anywhere with him (Beans) because he is the one whom assaulted me."

28. Lt.-Baker, then ordered that Beans leave (which he did) and requested the assistance of another correctional officer (NAME UNKNOWN). Lt.-Baker, proceeded and processed petitioner's complaint.

29. Lt.-Baker, called the Special Investigative Service office notifying JOHN DOE that petitioner has accused staffs of assaulting him by yanking/pulling his arms through the tray/food slot and he (Lt.-Baker) requested that they (Special Investigative Service) view the cameras on A-2 Range in the SHU and preserve the cameras on A-2 Range of the SHU for investigative reasons.

30. JOHN DOE, immediately informed Lt.-Baker that they don't have the footage as this being a direct breach of security and/or his participation with a cover-up.

31. Defendant Eric D. Wilson, was placed on notice of the abusive conduct of defendants Beans & Davis but had failed to take necessary disciplinary actions against them or otherwise to control

-5-

their behavior.

32. Defendant Eric D. Wilson, after being put on notice of the defendants' Beans & Davis actions, did not reassign them, however, he assigned them to work around petitioner and they taunted and teased him.

## DENIAL OF MEDICAL CARE

33. After petitioner interview with Lt. Baker, he was seen by the defendant V. Barnett, whom only noted superficial injuries and not as petitioner complained of.

34. Defendant V. Barnett, wrote on a piece of napkin/paper petitioner's vital signs and listed such minor injuries as lacerations and abrasions on wrist, etc.

35. The defendant V. Barnett, failed to record in petitioner's medical assessment sheet petitioner's mood or state of mind, complaint of excruciating pain in his shoulders as well as limited movement; sharp pain from the pawn of his hands coupled with numbness and possible nerve damage to his wrist, as she again attempts to cover-up yet another assault-excessive/unnecessary/misuse of force done by staff on petitioner.

36. On or about October 23, 2009, the petitioner requested (by way of) sick call sign-up, seeking an appointment for X-ray, Magnetic Resonance Imaging (MRI), Orthopedics specialist examination and/or Neurologist specialist examination for his shoulders & wrists.

37. Petitioner had also submitted a grievance/complaint, accompanied with, repeated sick call sign-up in regarding the assault-excessive/unnecessary/misuse of force, on or about October 23, 2009, and thereafter.

38. On information & belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

39. V. Barnett, is responsible for the medical care, generally, assessing and logging all the injuries petitioner sustain as well as complains of. She must document them on proper form(s), yet still she wrote them on a piece of napkin/paper and did not list petitioner's complained of injuries.

40. Defendants Ms. Gregory & Eric D. Wilson, is responsible for arranging for specialized medical care inside and outside the prison.

-6-

41. After about five (5) or six (6) months, petitioner received a response from medical department at McCreary-USP, and was transferred without any X-ray, MRI nor specialist evaluation and treatment.

42. The petitioner is in great pain and he consistly inadvertantly/unintentionally drops things (i.e., pen, pencil when writing, papers, books, etc. when reading, food tray, etc.) as well as twitches and/or nerve spasms in his hands and arms.

43. On information & belief, because petitioner did not receive any and/or the necessary medical treatment and follow-up care, he risks permanent disability or damages.

# CLAIMS for RELIEF

44. The actions of defendants Beans & Davis, in using physical force intertwine with aiding & abedding (partaking in) the physical force against petitioner without justification, need or provocation, and/or failing to intervene to prevent the assault-excessive/unnecessary/misuse of force, were done maliciously sadistic and/or with wanton intentions to cause serious injuries and constituted cruel & unusual punishment in violation of the 8th Amendment Right of the United States Constitution.

45. The failure of defendants Eric D. Wilson & John Doe, to take disciplinary or other appropriate actions to curb and/or rectify, maybe even ameliorate the assault-excessive/unnecessary/misuse of force by defendants Beans & Davis, constitute a denial of due process and/or deliberate indifference, as it contributed to and proximately caused the above described violation of the 8th Amend.

46. The failure of defendants Eric D. Wilson & John Doe, of protection & safety to petitioner by not having operable cameras and/or making certain that the cameras are properly functioning, made the security lacked, dangerous as well as meniencing environment and constitute a denial of due process and/or deliberate indifference as it contributed to and proximately caused the above described violation of cruel & unusual punishment to the 8th Amend.

47. The actions of defendant V. Barnett, in her purposely failure to adequately assess and document petitioner's injuries as well as articulation of injuries and pain, in an attempt to cover-up and/or lessen the gravity of the malicious and sadistic or wanton intentions regarding the assault-excessive/unnecessary/misuse of force done by Beans & Davis, constitute a denial of due process and/or deliberate indifference to petitioner's serious medical needs in violation of the 5th and/or 8th Amend.

48. The failure of defendants Eric D. Wilson & Gregory, to provide for the petitioner the x-ray,

-7-

MRI test by orthopedic or neurologist specialist as well as follow-up examinations and treatments or physical therapy to injuries, constitute a denial of due process and/or deliberate indifference to petitioner's serious medical needs in violation of the 5th & 8th Amends.

# RELIEF REQUESTED

**WHEREFORE**, petitioner requests that the Court grant the following relief:

### A. Issue a DECLARATORY Judgment stating that:

1. The physical abuse of the petitioner by defendants Reans & Davis, violated the petitioner's rights under the 8th Amend. to the United States Constitution.

2. Defendants Eric D. Wilson & John Doe's, failure to take disciplinary or other actions to curb and/or rectify maybe even ameliorate the mental and physical abuse of petitioner, violated petitioner's rights under the 5th and/or 8th Amends.

3. Defendant V. Barnett's, purposeful inadequate assessment and/or purposeful failure to adequately log petitioner's claimed injuries, in an attempt to cover-up and/or lessen the seriousness of petitioner's injuries fails to provide adequate medical care for petitioner, violated the petitioner's rights under the 5th and/or 8th Amends.

4. Defendants Eric D. Wilson & Gregory's, actions or inactions in failing to provide adequate medical care for the petitioner, violated and continue to violate the petitioner's rights under the 5th and/or 8th Amends.

### B. Issue an INJUNCTIVE Order to the BOP or their agents to:

1. Immediately arrange for the petitioner to be examined by a qualified ORTHOPEDIC and/or NEUROLOGIST Specialist;

2. Immediately arrange for the petitioner to receive a NERVE CONDUCTION VELOCITY (NCV) and ELECTROMYOGRAPHY (EMG) Testing, a procedure that detects injuries and disease that affect muscles and nerves;

-8-

3. Immediately arrange for the petitioner to need physical therapy or other follow-up medical treatment to be evaluated by an Orthopedic and/or Neurologist, whom expertise in treatment and restoration of functions of torn ligaments or nerve damage injuries;

4. Carry out without delay the treatment directed by such medical practitioner;

5. That proper security checks as well as proper storage of evidence (camera footage) of their cameras in the entire institution are operatible or functioning, for the security of its prisoners & society.

C. Award **COMPENSATORY** Damages in the following amounts:

1. $250,000.00 (Two Hundred and Fifty Thousand dollars) each jointly and severally against defendants Reans, Davis, John Doe & Eric D. Wilson, for the physical injuries sustained as a result of the petitioner's assault-excessive/unnecessary/misuse of force TOTALING $1,250,000.00 (One Million Two Hundred and Fifty Thousand dollars);

2. $250,000.00 (Two Hundred and Fifty Thousand dollars) each jointly and severally against defendants Eric D. Wilson, Gregory & V. Barnett, for the physical injury(ies) resulting from their failure to provide adequate medical care to the petitioner.

D. Award **PUNITIVE** Damages in the following amounts:

1. $500,000.00 (Five Hundred Thousand dollars) each jointly and severally against defendants Reans, Davis, John Doe & Eric D. Wilson TOTALING $2,000,000.00 (Two Million dollars);

2. $500,000.00 (Five Hundred Thousand dollars) each jointly and severally against defendants Eric D. Wilson, Gregory & V. Barnett, TOTALING $1,500,000.00 (One Million and Five Hundred Thousand dollars); coupled with, any medical bills incurred once petitioner's released from prison.

-9-

E. Award **MENTAL & EMOTIONAL** Damages in the following amount:

  i. $600,000.00 (Six Hundred Thousand dollars) against each individually (Eric D. Wilson, Gregory, John Doe, Reans, Davis, V. Barnett) TOTALLING $3,600,000.00 (Three Million Six Hundred Thousand dollars) for the mental & emotional destress resulting from the assault - excessive/unnecessary/misuse of force and/or lack thereof medical care.

F. GRANT petitioner a JURY TRIAL on all Triable Issues.

G. The reimbursement of petitioner's cost & fees in this suit.

H. APPOINTMENT of COUNSEL to represent this case.

I. Any additional Relief this Court deems just, proper and equitable.

By the signature of Petitioner Darrell Parks', signed below, he submits the aforegoing COMPLAINT under the penalty of perjury, that the above stated is true & correct.

## CERTIFICATE OF SERVICE

I, Petitioner Darrell Parks, #09540-007 hereby certify that the original with one(1) copy is for the Court and six (6) more copies of this Complaint was mailed to the Clerk's Office at: United States District Court For The Eastern District Of Kentucky, 310 South Main Street, Post Office Box 5121, London, Kentucky 40745-5121, for the Court's convenience to serve each Defendant, on this 6th day of October month 2010, which is deemed filed at the time it was delivered to prison authorities for forwarding to the Court, see Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the Court and parties to litigate and/or his/her attorney(s) of record, by placing same in a seal, postage prepaid envelope and deposited same in the United States Postal Mail at Victorville-USP.

Respectfully submitted,
Mr. Darrell Parks

10/06/10
DATE:

-10-

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged and averred to herein are true, except as to matters alleged on information and belief and as under penalty of perjury that the foregoing is true and correct.

Executed at Victorville-USP in Adelanto, California on this 06th day of October month 2010.

Submitted Respectfully,

Mr. _____