UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| DARRELL PARKS, | |
| Plaintiff, | Civil Action No. 6:10-CV-000278-KSF |
| v. | |
| MR. REANS, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Darrell Parks, an inmate confined in the United States Penitentiary in Lewisburg, Pennsylvania, has filed a *pro se* civil rights complaint asserting various constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] Parks' claims arise from events which he alleged occurred in October 2009, while he was confined in the United States Penitentiary-McCreary, ("USP-McCreary"), located in Pine Knot, Kentucky.[1]

Because the Court has granted Parks' motion to pay the filing fee in installments [R. 4] and because he is asserting claims against government officials, the Court screens his complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). These sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *McGore v. Wrigglesworth*, 114 F.3d

---

[1] The defendants, all USP-McCreary officials, are: (1) Mr. Reans, Correctional Officer; (2) Ms. Davis, Correctional Officer; (3) V. Barnett, Clinical Nurse; (4) Ms. Gregory, Health Service Administrator; (5) Eric D. Wilson, former Warden; and (6) John Doe Defendant, Special Investigations Services ("SIS"). Parks sued the defendants in their official capacities. [R. 2, p. 3]

601, 607-08 (6th Cir. 1997).  For the reasons set forth below, Parks' constitutional claims must be dismissed for failure to state a claim.

## ALLEGATIONS OF THE COMPLAINT

Parks alleged that on October 22, 2009, he was handcuffed and that defendant Mr. Reans, a correctional officer at USP-McCreary, was escorting him to his cell after a disciplinary hearing had concluded.  Parks had a verbal exchange with Reans wherein Parks demanded to be taken to his counselor.  Parks described in detail a scuffle which ensued between Reans and himself once they reached his cell.  Parks' account of the scuffle is confusing, but he appears to allege that while correctional officer Davis was closing the door to his cell, or causing the door to his cell to be closed at Reans' direction, Reans violently pulled, grabbed, or yanked the hand cuffs from Parks' wrist through the food tray slot of the cell door.  Parks alleged that the violent removal of his hand cuffs caused him to fall to the floor in writhing pain, and that other inmates pressed a button to call for emergency assistance.   Parks alleged that Reans' violent actions constituted excessive force and were completely unwarranted because he was cooperating with Reans' efforts to remove the hand cuffs and was not resisting Reans.  Parks further alleges that although he placed former Warden Eric Wilson on notice of Reans' and Davis' alleged misconduct, Wilson  "failed to take necessary disciplinary action against them or otherwise to control their behavior."  [R. 2, pp. 5-6, ¶ 31]

Parks states that immediately after this incident, he informed Lieutenant Baker that Reans and Davis had injured him, and that Baker requested an SIS Officer, whom Parks identified as a John Doe SIS Defendant, to investigate Parks' allegations of staff abuse.  [*Id.*, p. 5, ¶ 29] Parks stated that the John Doe SIS official immediately informed him that the footage of the scuffle was no longer

in existence. [*Id.*, ¶ 30] Parks alleges that the failure to maintain the video footage violates the Bureau of Prisons' ("BOP") security policies.

Parks states that on that same day, October 22, 2009, defendant V. Barnett, a clinical nurse at USP-McCreary, interviewed him about his medical condition. Parks complains that Barnett wrote her medical notes from the interview on only a "piece of napkin/paper." [*Id.*, ¶¶ 35 & 39]. He claims that Barnett failed to properly document, assess, diagnose, and order the proper treatment either for his physical pain or his shoulder injury. Specifically, he alleges that Barnett failed to write in her notes that he was experiencing severe pain, and claims that she should have ordered him to undergo a Magnetic Resonance Image (MRI) test, X-rays, an orthopedic evaluation, and a neurological evaluation.

Parks alleges that Eric Wilson, former Warden of USP-McCreary, was responsible for arranging "specialized medical care inside and outside the prison," [*Id.*, p. 6, ¶ 40], and that defendant Ms. Gregory was generally responsible for ensuring that prisoners receive medical treatment, including specialized medical treatment, if necessary. [*Id.*, p. 3, ¶ 11] Parks alleges that when he was transferred from USP-McCreary- six months after the events alleged in his Complaint- he had never received any of the above-listed medical treatment. He further alleges that he continues to experience excruciating pain from his shoulder injury and that he has sustained permanent disability of his shoulder, arm, and wrist.

Parks alleges that on October 23, 2009, he submitted a grievance "regarding the assault-excessive/unnecessary/misuse of force." [*Id.*, p. 36, ¶ 37] Parks does not identify the specific type of grievance he filed, *i.e.*, whether it was an informal grievance, a formal request for a remedy, or

3

an appeal, nor does he identify the person to whom he allegedly submitted the grievance(s).[2] Parks lists no other exhaustion efforts regarding any of his claims, stating that when he tried to utilize the grievance process, "it was to no avail and now [Parks] seeks proper adjudication in this Court." [*Id*., p. 2, ¶ 5].

Parks' claim that Reans and Davis used excessive force to remove handcuffs from him, and his claim that Barnett, Wilson, and Gregory failed to provide him with necessary medical treatment, fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Parks also broadly alleges that the defendants violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Parks seeks compensatory damages, punitive damages, and injunctive relief, *i.e.*, an Order directing USP-McCreary officials to (1) transport him to qualified outside medical professionals who could properly diagnose and treat his injuries, and (2) ensure that all video cameras in the prison are operational and that all video footage is properly maintained. He also requests the appointment of counsel.

## DISCUSSION

In his complaint, Parks expressly states that he is asserting claims against the defendants only in their official capacities. [R. 2 at 3] These claims must be dismissed because federal employees sued in their official capacity are immune from suit unless sovereign immunity has been expressly waived. *Hampton v. Marion*, 98 F. App'x 410, 412 (6th Cir. 2004); *Blakely v. United States*, 276

---

[2] Parks stated only that:
On information & belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

[*Id*., ¶ 38].

F.3d 853, 870 (6th Cir. 2002). The United States has not waived its immunity from suits alleging constitutional violations: "A *Bivens* claim [for damages] may not be asserted against a federal officer in his federal capacity." *Plunkett v. Luttrell*, 1995 WL 236669, at *2 (6th Cir. 1995) (*citing Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991)). The only proper defendants to a *Bivens* action are federal officials named in their individual capacities. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Thus, Parks' claims seeking damages from the defendants must be dismissed because the defendants are immune from such relief. *See* 28 U.S.C. § 1915(e)(B)(iii).

Parks' requests for injunctive relief will also be denied. Parks was confined in the United States Penitentiary located in Adelanto, California, when he filed this action [*see* R. 2, p. 1] yet he demanded that USP-McCreary officials provide him with specific medical treatment and take measures to ensure that the prison video cameras are at all times functional. A prisoner's claim for declaratory and injunctive relief becomes moot once the prisoner is transferred from the prison of which he complained to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996); *Price v. Caruso*, 451 F. Supp.2d 889, 901 (E.D. Mich. 2006). Thus, Parks' transfer from USP-McCreary to another BOP institution rendered his requests for injunctive relief moot. *Coleman v. Bowerman*, 2012 WL 1109613, at *3 (6th Cir. 2012); *Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009). Parks' requests for injunctive relief will be denied as moot.

Because this proceeding will be dismissed, the Court will deny as moot Parks' request for the appointment of counsel.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Darrell James Parks' Complaint [R. 2] is **DISMISSED WITH PREJUDICE**;

(2)     The Court shall enter an appropriate judgment;

(3)     This action is **STRICKEN** from the docket of the Court.

This May 21, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge